IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN M. KING, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMERCE BANCSHARES, INC., )<br>)<br>Defendant. ) | No. 06 C 4117<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven M. King on behalf of himself and all others similarly situated brought a two count putative class action complaint against defendant, Commerce Bancshares, Inc., alleging negligent and willful violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq* in connection with a mailer offering a Visa credit card. Defendant answered the complaint and moved for judgment on the pleadings pursuant to F. R. Civ. P. 12(c). For the reasons set forth below Defendant's motion is granted.

## FACTS

In May 2006, plaintiff received a prescreened credit card offer from defendant in the mail. The mailing contains some of the terms of the offer. At the top of the mailing is an image of a Visa credit card and large text stating "0% INTRO APR FOR 12 MONTHS on Purchases, Balance Transfers, and Cash Advances." The mailing further states, "your benefits don't stop there. You'll also enjoy: A generous credit line, Convenience checks, Travel Accident Insurance." The mailing also provides details regarding various fees, the APR after the introductory 12 months, and how the interest rate is computed. The mailing does not explicitly state a minimum line of credit. There are notices on the front and back of the offer offset from

the rest of the text and in italics notifying consumers that the offer was based on information in their credit report and how they could opt out of future prescreened credit offers, as required by the FCRA.

## **DISCUSSION**

The standard of review for a motion for judgment on the pleadings is the same as that for a motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *R..J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). Facts alleged in the complaint are viewed in the light most favorable to the non-moving party, and judgment may not be granted unless it appears beyond a doubt that the non-moving party cannot provide facts that would support his claim. *Id*.

Plaintiff's two count complaint alleges negligent and willful violation of § 1681(b) of the FCRA. Section 1681(b) allows a consumer reporting agency to issue a consumer report relating to any consumer in connection with any credit transaction that is not instituted by the consumer if the transaction consists of a firm offer of credit. Plaintiff alleges that defendant's mailing is not a firm offer of credit because it does not state the minimum amount of credit offered. If a credit report is accessed and a firm offer of credit is not issued, the accessing entity's actions violate § 1681(b). Defendant has moved for judgment on the pleadings, arguing that the mailing is a firm offer of credit.

A firm offer of credit is established based on "the *entire* offer and the effect of *all* the material conditions that comprise the credit product in question." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 728 (7th Cir. 2004) (emphasis in original). In *Cole*, the court highlighted four factors to be considered when assessing whether an offer has value or is a sham: 1) whether credit

2

approval is guaranteed; 2) the amount of credit offered; 3) the stated rate of interest and the method of computation; and 4) the applicability of the credit to various merchants. *Id.* The value of the offer is considered from the point of view of a normal consumer. *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955 (7th Cir. 2006).

In *Cole*, the defendant accessed credit reports to issue mailers that stated that the recipient was eligible to "receive a Visa or MasterCard with limits up to $2000 as well as up to $19,500 in AUTOMOTIVE CREDIT!" *Cole*, 389 F.3d at 722. The mailer then detailed the various requirements and criteria associated with the offer of automotive credit. *Id.* at 722-23. The mailer concluded with a statement asserting that the credit card offered to the consumer was not guaranteed and if approved, the interest rate would vary from 2.9% to 24.9%. *Id.* at 723. The *Cole* court concluded that due to the relatively low amount of credit ($300), limitations on the transferability of the credit (usable at one car dealership), and the absence of several material terms, the mailer was a sham offer because neither the court nor the consumer would be able to determine whether the offer had value. *Id.* at 728.

This issue has also been addressed in the context of home loans. In *Murray v. Finance America, LLC*, 2006 WL 862832 *1 (N.D. Ill.), defendant's offer consisted of a two-sided letter; the front side indicated that the consumer was pre-qualified for a home loan and provided a toll-free number to call for details. *Id*. The back side restated that the consumer was pre-qualified for a loan and restated the phone number to call to find out the amount of credit available. *Id*. The only information regarding the terms of the offer included in the mailing was that the credit was applicable to home purchase or refinancing, and that "we offer fixed, interest-only, and hybrid loan programs to fit most financial circumstances." *Id.* The court found that the mailing

3

issued in *Murray* was missing multiple *Cole* factors as well as other factors that would help a consumer assess the value of the offer. *Id*. at *3. The offer did not include the minimum amount of credit offered, the interest rate or a range of interest rates, or how the interest rate would be calculated. *Id*. Further, the mailer did not mention the length of the repayment period, underwriting guidelines, or any fees, charges, penalties or costs that would apply to the loan. *Id*. Thus, the mailing was not a firm offer, but rather an invitation to call the defendant for more details about their loan products. *Id*.

The court evaluated an offer for an auto loan in *Kudlicki v. Farragut Financial Corp.*, 2006 WL 927281 (N.D. Ill.). In that case the mailer stated that interest rates could be "as low as 5.5% APR," but did not include any details regarding the amount of credit available or repayment terms. *Id*. At *1. There was also language indicating that that all rates and terms were subject to change at any time. *Id*. at *2. Due to these deficiencies and the uncertainty of the terms, the court found that there was not a firm offer of credit. *Id.* at *3.

The mailing in the instant case includes three of the four *Cole* factors listed above. The mailing states that all consumers have to do is "say yes" to the offer made in the mailing and they are guaranteed a credit card with 0% APR for 12 months, 9.4% variable APR after the introductory period, no balance transfer fees, a generous line of credit, convenience checks, and travel accident insurance. The interest rate and the method of computation during the introductory period and afterwards are stated on both sides of the mailing. Finally, the card offered is a Visa card, which is generally accepted wherever credit cards are accepted. The only element not expressly stated in the mailing is the amount of credit offered.

4

*Cole* includes the amount of credit offered as a factor when considering a variety of offers of credit. The Federal Trade Commission ("FTC"), however, has created a model offer specifically for credit card offers that does not include a space for the minimum amount of credit. 16 C.F.R., Part 698, App. A. The FTC's model credit card offer includes eight categories of other information that should be included in a firm offer for a credit card: the APR and its calculation; the amount of balance transfer allowed over specific time periods; fees; security options; fraud protections; payment methods; rewards programs; and the required section with information about opting out of further offers. *Id*. The fact that the FTC does not include minimum amount of credit on the form is an indication that the FTC does not consider it to be a major element of a firm offer.

Unlike the sham offer in *Cole*, defendant's failure to explicitly state the minimum line of credit does not "render it impossible for a court to determine…whether the offer has value." *Cole.*, 389 F.3d at 728. The offers in *Cole* and other cases where the offer was found to be a sham had multiple deficiencies; they omitted multiple elements of the offer, placed significant limitations on use of the credit, and some terms were variable without notice[1], making it impossible for a court or a consumer to determine the potential value of the offers to normal consumers. *See Cole v. U.S. Capital, Inc.*, 389 F.3d at 722-723, *Murray v. Finance America, LLC*, 2006 WL 862832, *Kudlicki v. Farragut Financial Corp.*, 2006 WL 927281.

---

[1]Plaintiff incorrectly states that the terms of defendant's offer, particularly the amount of credit available, were subject to change at any time. The mailer is clear that all terms are unconditionally fixed for a one year introductory period. It further states that it is only after the introductory period that the terms of the offer may be changed. "We may change the terms of this Agreement, including increasing the periodic rate on outstanding balances at any time (after the expiration of any introductory rate period)."

In contrast, the mailer in the instant case is comparable to the mailer in *Perry v. First Nat'l Bank*, 459 F.3d 816 (7th Cir. 2006), which included sufficient terms to establish that the offer had value for consumers and thus was a firm offer of credit. The mailing in *Perry* made it clear that the credit card was guaranteed and included a brochure setting forth the terms. The offer stated that the card provided a minimum of $75 credit for the first month, an 18.9% interest rate, and $122 in fees each year. *Id*. at 823-24. Although the offer would be unfavorable for many consumers, the court found that there was sufficient information for consumers to assess the value of the offer and that there was inherent value in having a credit card that was widely accepted. *Id.*

Similarly in the instant case, there is sufficient information in defendant's mailing for the court to determine that the credit card being offered is of value to the normal consumer. Consequently, it is a firm offer of credit under *Cole* and § 1681(c)(B)(I) of the FCRA. Defendant's offer is for a widely accepted credit card and provides for a fee-free transfer of existing balances to an account with 0% APR. There is no restriction on the amount of the offered balance transfer. Any consumer with a credit card knows the value of such an offer. *See Perry v. First Nat'l Bank*, 459 F.3d at 825.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is granted.

**ENTER:** **March 12, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**